In the Matter of JACOB N. FLOWERMAN, an Attorney, Respondent.

First Department, February 1, 1918.

**Attorney at law — disbarment — conversion of client's moneys — purpose of disciplinary proceedings — repayment of money does not condone offense.**

Attorney at law disbarred for converting to his own use moneys of his client specifically intrusted to him for a definite purpose.

Disciplinary proceedings are not instituted for the purpose of collecting debts owing by an attorney to his client, but for the purpose of inquiring into the professional conduct of the attorney and to determine whether he is a fit person to continue as a member of the bar.

A payment while the proceeding is pending of the moneys claimed in no way condones the offense charged and under investigation.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie,* for the petitioner.

——————, for the respondent.

CLARKE, P. J.:

The respondent was admitted to practice as an attorney and counselor at law in the State of New York at a term of the Appellate Division, First Department, in April, 1913, and was practicing as such attorney in the First Judicial District at the time he committed the acts complained of.

In September, 1916, he was retained by J. M. Spar & Co. to defend an action brought against it. The case was tried and resulted in a judgment for the plaintiff in the sum of $180.50. On or about October 11, 1916, respondent wrote to Mr. Spar advising that he send a check for the amount of the judgment so that it could be satisfied at once thus avoiding the issuance of an execution and additional costs. Mr. Spar sent the respondent a check for $180.50 payable to the respondent's order with the understanding that he was to use the proceeds thereof to satisfy the judgment. Instead of using the money for that purpose the respondent immediately caused the check to be certified and thereafter had it cashed and converted the proceeds to his own use. As a result of this misconduct execution was issued against his client and it was obliged to pay in satisfaction of the judgment the further sum of $180.50 together with about $9 additional costs. After sending a number of telegrams and letters in which he admitted the conversion and promised to pay he rendered an obviously false and padded bill in which he claimed a balance due him of $113.76 from the company, but upon the evening before a hearing was to be held before the grievance committee respondent gave to J. M. Spar & Co. a check for the sum of $189.45, the amount it was obliged to pay in satisfaction of the judgment.

The respondent interposed his affidavit in answer to the charge which admitted the facts alleged in the petition and set up matters in excuse and avoidance which upon the indisputable evidence were false. He appeared before the learned official referee to whom the matter had been sent upon the first hearing and asked for an adjournment, but did not thereafter appear, and no evidence was offered in his behalf, and he did not appear upon the motion made upon filing of the referee's report. The learned official referee has reported that the respondent has been guilty of the professional mis-

conduct charged against him. There was no other conclusion possible upon this record. Disciplinary proceedings are not instituted for the purpose of collecting debts owing by an attorney to his client, but for the purpose of inquiring into the professional conduct of the attorney and to determine whether said attorney is a fit person to continue in the exercise of the responsible and honorable office of attorney and counselor at law. The payment, while the procedure is pending, of moneys claimed in no way condones the offense charged and under investigation. The respondent having confessedly converted to his own use moneys of his client specifically intrusted to him for a definite purpose and thus having violated the fundamental principle governing the relation of attorney and client has demonstrated his unfitness and should no longer be permitted to continue the practice of the law.

He is, therefore, disbarred.

LAUGHLIN, DOWLING, SMITH and PAGE, JJ., concurred.

Respondent disbarred. Order to be settled on notice.